| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS | |
| Case number *(if known)* _____ Chapter **11** | ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  
Heritage Lab Express, Inc.

**2. All other names debtor used in the last 8 years**  
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  
81-4719453

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 3670 Ayr Lane<br>Crete, IL 60417<br>Number, Street, City, State & ZIP Code | 25716 South Stoney Island Avenue<br>Crete, IL 60417<br>P.O. Box, Number, Street, City, State & ZIP Code |
| Will<br>County | **Location of principal assets, if different from principal place of business**<br>_____<br>Number, Street, City, State & ZIP Code |

**5. Debtor's website (URL)**  
https://www.heritagelabexpress.com/

**6. Type of debtor**  
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
☐ Partnership (excluding LLP)  
☐ Other. Specify: _____

Debtor **Heritage Lab Express, Inc.** Case number (*if known*) _____
      Name

**7. Describe debtor's business**

A. *Check one:*

- ■ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☐ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__6215__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check **all** that apply*:
    - ■ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
    - ■ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
    - ☐ A plan is being filed with this petition.
    - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
    - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
    - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ■ No.
- ☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

Debtor **Heritage Lab Express, Inc.** _____  Case number (*if known*) _____
     Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| Debtor _____ | Relationship _____ |
| District _____ When _____ | Case number, if known _____ |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency _____
        Contact name _____
        Phone _____

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

Debtor **Heritage Lab Express, Inc.** _____ Case number (*if known*) _____
Name

- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ■ $500,001 - $1 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Debtor  **Heritage Lab Express, Inc.**  Case number (*if known*)
Name

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **January 8, 2024**
MM / DD / YYYY

**X /s/ Joy Ramirez**  **Joy Ramirez**
Signature of authorized representative of debtor  Printed name

Title  **President**

**18. Signature of attorney**

**X /s/ Laxmi P. Sarathy**  Date  **January 8, 2024**
Signature of attorney for debtor  MM / DD / YYYY

**Laxmi P. Sarathy**
Printed name

**Whitestone, P.C.**
Firm name

**17W775 Butterfield Road
Suite 114
Oakbrook Terrace, IL 60181**
Number, Street, City, State & ZIP Code

Contact phone  **312-674-7965**   Email address  **lsarathy@whitestonelawgroup.com**

**6297529 IL**
Bar number and State

**ACTION BY THE DIRECTORS OF**
**HERITAGE LAB EXPRESS, INC.**
**BY UNANIMOUS WRITTEN CONSENT**

We, the undersigned being all of the directors of Heritage Labs Express, Inc., ("Corporation") an Illinois corporation, hereby consent in writing, to the following:

WHEREAS, the Corporation is insolvent and unable to pay its debts when due;

WHEREAS, the Corporation and its creditors would be best served by a reorganization of the Corporation pursuant to Sub-chapter V under Chapter 11 of the United States Bankruptcy Code;

RESOLVED as follows:

1. The Corporation shall file, as soon as possible, a voluntary petition pursuant to Sub-chapter V of Chapter 11 of the United States Bankruptcy Code;

2. Joy Ramirez, the President, Secretary and a Director of the Corporation is hereby designated as the representative of the Corporation to execute all necessary documents on behalf of the Corporation with respect to the filing of the voluntary bankruptcy petition and to attend all meeting of creditors and otherwise act as the authorized representative of the Corporation;

3. That Laxmi P. Sarathy and the Whitestone, P.C., are hereby employed to act as counsel for the Corporation in the filing and prosecution of the Chapter 11 case;

4. That the accounting firm of Daniel Greenman & Associates, and Daniel Greenman are hereby employed to act as the Corporation's accountants during the pendency of the Chapter 11 case.

Dated: January 8, 2024

*[signature]*
ID KqxZ2AGpqMLfGAdDAUGJJ53K

Joy Ramirez,

IN WITNESS WHEREOF, I have executed my name as Secretary and have hereunto affixed the corporate seal of the Corporation this 8th Day of January 2024.

*[signature]*   1/8/2024
ID KqxZ2AGpqMLfGAdDAUGJJ53K

Joy Ramirez, Secretary

## eSignature Details

**Signer ID:**       **KqxZ2AGpqMLfGAdDAUGJJ53K**
Signed by:           Joy Ramirez
Sent to email:       slonej1995@gmail.com
IP Address:          108.5.217.188
Signed at:           Jan 8 2024, 7:31 am CST

Fill in this information to identify the case:

Debtor name: **Heritage Lab Express, Inc.**
United States Bankruptcy Court for the: **NORTHERN DISTRICT OF ILLINOIS**
Case number (if known):

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **BSI Financial Services** <br> **P.O. Box 517** <br> **Titusville, PA 16354** | | **25716 South Stoney Island Avenue, Crete, IL 60417** | | $400,000.00 | $290,000.00 | $110,000.00 |
| **Lexus Financial Services** <br> **PO Box 5855** <br> **Carol Stream, IL 60197-5855** | | **2021 Lexus RX450H** | | $60,000.00 | $34,000.00 | $26,000.00 |

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Northern District of Illinois

In re **Heritage Lab Express, Inc.**     Case No.
Debtor(s)     Chapter **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **5,000.00** |
   | Prior to the filing of this statement I have received | $ **5,000.00** |
   | Balance Due | $ **0.00** |

2. $ **1,736.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ☐ Debtor     ■ Other (specify): **Jack Group, LLC**

4. The source of compensation to be paid to me is:

   ■ Debtor     ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
   **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **January 8, 2024** | **/s/ Laxmi P. Sarathy** |
| *Date* | **Laxmi P. Sarathy** |
| | *Signature of Attorney* |
| | **Whitestone, P.C.** |
| | **17W775 Butterfield Road** |
| | **Suite 114** |
| | **Oakbrook Terrace, IL 60181** |
| | **312-674-7965  Fax: 312-873-4774** |
| | **lsarathy@whitestonelawgroup.com** |
| | *Name of law firm* |

**WHITE STONE PC**

Laxmi P. Sarathy, Esq., LL.M.  
Attorney at Law  
lsarathy@whitestonelawgroup.com

Faisal Niaz, Esq.  
Attorney at Law  
fniaz@whitestonelawgroup.com

January 07, 2024

**VIA EMAIL TO slonej1995@gmail.com**

Heritage Labs Express, Inc.  
c/o Joy Ramirez  
3670 Ayr Ln  
Crete IL 60417

RE:  Engagement of Whitestone, P.C. for Heritage Labs Express, Inc.

> **Scope of Representation:** Services rendered will include all court appearances, preparation and filing of necessary documents, preparation of a Plan of Reorganization and all other necessary work with a view toward confirming a Chapter 11 plan under Sub Chapter 5 of the U.S. Bankruptcy Code.

Dear Joy,

You have requested the services of Laxmi P. Sarathy, of Whitestone, P.C. to represent Heritage Labs Express, Inc., ("You", or "YOUR") in in its Chapter 11 case in the Northern District of Illinois, Eastern Division. This letter confirms and memorializes your engagement of Whitestone, P.C. as legal counsel ("Engagement").

We will prepare and file all necessary documents, prepare, and file a Plan of Reorganization, attend all court appearances, and all other necessary work with a view toward confirming a Chapter 11 Plan.

Whitestone, P.C. requires an advance security retainer at the outset of this Engagement. We believe an initial advance security retainer in the amount of $5,000.00 is appropriate ("Retainer"). At the outset, we also anticipate the filing fee of $1,738.00 that is payable to the U.S. Bankruptcy Court.  All future attorney compensation will be payable after court approval.

While we cannot guarantee any particular result, we guarantee that we will take utmost effort and will complete all the work necessary for this Engagement for the retainer. The retainer is merely a reserve against future legal fees and other charges and reimbursable expenses. It has no bearing upon the actual fees and costs you will incur in this case. We reserve the right to request additional retainers if we believe they are needed. Of course, any unused portion of the retainer or additional retainers will be refunded to you upon completion of our services.

Whitestone, P.C. will send you monthly or other periodic invoices describing our services, time devoted, and the names of the attorneys and paralegals providing those services, and the other

charges and reimbursable expenses incurred in your case. As is typical, Whitestone, P.C.'s fees will be calculated on an hourly basis at our usual and customary hourly rates in effect from time to time. The hourly rates for the services of our attorneys currently range between $250 and $375, and the hourly rates of our clerks and paralegals currently range between $150 and $175. My current hourly rate is $375. The hourly rate of my associate who may or may not assist me with your case is $275. Whitestone, P.C. will bill you separately for our services. You will be responsible for reimbursing Whitestone, P.C.

All out of pocket disbursements that we incur as we perform services on your behalf during the preceding billing period will be itemized on each periodic invoice. Reimbursable out-of-pocket costs and other charges and expenses include, but are not limited to, photocopying, travel expenses, court reporter fees and transcript costs, investigation fees, quit filing fees, document production, assembly, and reproduction costs, expedited mail, delivery and messenger services, computerized legal research, and other incidental expenses. We do not charge for faxes.

Our invoices are payable upon receipt. We invite a free discussion with us concerning any questions on our invoices, because we want you to be satisfied with both the quality of our legal work and the reasonableness of our fees. We make estimates of fees, charges, and reimbursable expenses that Whitestone, P.C. anticipates you will incur. These expenses are subject to circumstances beyond Whitestone, P.C.'s control, such as changes in strategies or other unforeseen circumstances. As can appreciate, Whitestone, P.C. cannot be bound by any estimates except as may be agreed to by Whitestone, P.C. in writing.

We believe our attorney client relationship with you is one of mutual trust and confidence. As a matter of professional responsibility, we are required to preserve your confidences and secrets. This professional obligation and legal privilege for attorney client communications exist so that you are encouraged to be candid. When complete communication is established between us, we can perform the most beneficial services for you only when we are aware of all information that might be relevant to our engagement. Please ensure that all information that might be relevant is provided to us. Consequently, we trust that our attorney client relationship with you will be based on mutual confidence and unrestricted communication to ensure that we represent you properly and effectively.

You have the right to terminate our engagement at any time by your written notice to us. Termination of our services will not affect your responsibility to pay the fees and costs for legal services rendered up to the date we receive notice of termination, or for any further work required of us to facilitate and efficiently turnover matters in process at the time of termination.

In addition, we are obligated to inform you that while we obviously have no present intention of doing so, we reserve the right to terminate our engagement upon written notice to you, and to cease rendering legal services on your behalf if our invoices are not timely paid, or if we determine, in our sole discretion, that our continued representation of you is not in our or your best interest.

Whitestone, P.C. is committed to minimizing paper wastage. To that end, Whitestone, P.C. has an internal policy of encouraging transmission of documents via electronic means where

feasible. Electronic information provided to our firm will be retained by us for a minimum of seven years after we have last performed services related to this engagement. This is required by law, as applicable. Of course, where electronic transmission is not possible, Whitestone, P.C., will accept paper copies or physical materials. Whitestone, P.C. will make efforts to convert physical items to an electronic format and return the physical items back to you. We reserve the right to dispose of physical files not picked up by you via secured means as allowed by law in this jurisdiction. You recognize that we may, in exercising our judgment while working on this engagement, discard certain documents, such as interim drafts, the retention of which we do not believe to be significant to the protection of your interests.

If this letter accurately describes your understanding of our relationship, please sign and date this letter where indicated and return it to me, along with the retainer fee which can be paid by check, money order, credit cards or Zelle. Contemporaneous with this email is an invoice with the requested retainer.

We appreciate your confidence in us and look forward to the opportunity to work with you.

Sincerely,

Laxmi P Sarathy

**ACCEPTED AND AGREED**

1/8/2024

ID VkTgfgkLSgRDAdUyXoMCB71R

## eSignature Details

**Signer ID:** **VkTgfgkLSgRDAdUyXoMCB71R**
Signed by: Joy Ramirez
Sent to email: slonej1995@gmail.com
IP Address: 108.5.217.188
Signed at: Jan 8 2024, 7:31 am CST

```
Arif Mohammed
Meditech Billing
240 E Lake St #300
Addison, IL 60101


Asif Ali
PO Box 95964
Hoffman Estates, IL 60195


BSI Financial Services
P.O. Box 517
Titusville, PA 16354


Capital Resource International
25852 McBean Pkwy Suite 801
Santa Clara, CA 91355


Chase Auto Finance
PO Box 71220
Philadelphia, PA 19176-6220


David Bailey
491 Garwood Street
Oakhurst, NJ 07755


Ershowsky Verstandig PLLC
290 Central Avenue Ste 109
Lawrence, NY 11559


Fundworks
299 South Main St
Suite 1300 PMB 93894
Salt Lake City, UT 84111


Kapitus
120 W 45th St
New York, NY 10036


Law Offices of Isaac H Greenfield
2 Executive Blvd, Ste 305
Suffern, NY 10901


Law Offices of Joshua J. Provost
25852 Mcbean Pkwy #801
Valencia, CA 91355-2004
```

```
Lexus Financial Services
PO Box 5855
Carol Stream, IL 60197-5855


Mark Sigunick
Teller, Levit & Silvertrust, P.C.
19 S LaSalle Street Suite 701
Chicago, IL 60603


Merk Funding
3611 14th Avenue
Brooklyn, NY 11218


Merk Funding
3611 14th Ave
Brooklyn, NY 11218


New Rez LLC
PO Box 10826 Greenville
Greenville, SC 29603-0826


Vivian Capital
712 Parkside Ave
Brooklyn, NY 11226
```

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Heritage Lab Express, Inc.**  
Debtor(s)

Case No.  
Chapter  **11**

# CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for  **Heritage Lab Express, Inc.**  in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**January 8, 2024**  
Date

**/s/ Laxmi P. Sarathy**  
**Laxmi P. Sarathy**  
Signature of Attorney or Litigant  
Counsel for  **Heritage Lab Express, Inc.**  
**Whitestone, P.C.**  
**17W775 Butterfield Road**  
**Suite 114**  
**Oakbrook Terrace, IL 60181**  
**312-674-7965 Fax:312-873-4774**  
**lsarathy@whitestonelawgroup.com**